IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BYRON SHANE CHUBBUCK,

    Petitioner/Defendant

vs.                                                                  CIV. 02-324 BB/WWD
                                                                       CR. 00-1345 BB; CR. 99-1027 BB

UNITED STATES OF AMERICA,

    Respondent/Plaintiff.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

    1.  THIS MATTER comes before the Court upon Mr. Chubbuck's "Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," ("Motion") filed March 22, 2002 **[Doc. 1]**.  Petitioner is incarcerated and is proceeding *pro se*.

    2.  Mr. Chubbuck pled guilty to fourteen counts of bank robbery, two counts of assaulting federal agents, two counts of possessing and discharging a firearm during and in relation to a crime of violence, and one count of being a felon in possession of a firearm.  See United States v. Chubbuck, Judgments filed March 27, 2001 in Cr. Nos. 99-1027 BB **[Doc. 106]** and 00-1345 BB **[Doc. 9]**.  In accordance with the terms of the plea agreement, Mr. Chubbuck was sentenced to serve 40 years of imprisonment.

    3.  On October 17, 2000, Mr. Chubbuck appeared before the Honorable Richard L. Puglisi, United States Magistrate Judge, was placed under oath and consented to having a magistrate judge take his plea.  Petitioner acknowledged having been advised as to the terms and conditions of the plea agreement, including the sentence to be imposed in connection with the charges against him.  Mr. Chubbuck further acknowledged having been advised of his right to a

jury trial, the protections that would accompany such a trial and the elements of the offense which would have to be proved to convict him. Following a lengthy plea colloquy, Judge Puglisi found that Mr. Chubbuck's guilty plea was knowing and voluntary and was supported by an independent basis of fact containing each of the essential elements of the offenses.[1]  See Tr. of Proceedings of October 17, 2000 ("Tr.") at 59:16-25.

4. Judge Puglisi accepted Mr. Chubbuck's plea, and deferred adjudication of Mr. Chubbuck's guilt until the time of sentencing and pending the completion of a pre-sentence report ("PSR"). Tr. at 59:25, 60:1-7.

5. Approximately one month after the plea hearing, Mr. Chubbuck sent a letter to the Honorable Bruce D. Black, United States District Judge, in which he declared: "I want [my attorney Gary Mitchell] off my case" and "I need to withdraw my plea." Chubbuck, Cr. No. 99-1027 BB, Letter Motion dated Nov. 16, 2000, **[Doc. 102]**. The Court construed Mr. Chubbuck's letter as a motion to withdraw his plea, and a hearing on the motion was held before Judge Black on December 21, 2000.[2]  On March 1, 2001, Judge Black denied Mr. Chubbuck's motion to withdraw his plea. See Chubbuck, Cr. No. 99-1027 BB, M.O.O. at 3-4 (noting that Mr. Chubbuck "has had the assistance of two able counsel and his plea was voluntary"). On March

---

[1] During the plea hearing, the Court questioned whether a defendant's knowledge that the victim was a federal officer was an essential element of the crime of assaulting a federal officer under 18 U.S.C. § 111(a)(1), (b). The Court later indicated that it was satisfied that the defendant's knowledge of the victim's capacity was not an essential element of the crime. See United States v. Chubbuck, Cr. No. 99-1027 BB, Magis. Judge's Proposed Findings and Recommended Disposition ¶¶2,4, filed Nov. 2, 2000 **[Doc. 93]** and Mem. Op. and Order Denying Withdrawal of Plea ("M.O.O.") at 2, filed Mar. 1, 2001 **[Doc. 103]**.

[2] Following the hearing, Mr. Chubbuck escaped from custody while being transported back to the Santa Fe County Detention Center. See PSR, at 14 ¶99.

23, 2001, the Court adjudged Mr. Chubbuck guilty and imposed sentence in accordance with the plea agreement.

    6. In his petition, Mr. Chubbuck alleges the following grounds for relief:[3]

(I)     the guilty plea was involuntary because it resulted from "impermissible coercion";
(II)     the guilty plea was unknowing and/or involuntary because Mr. Chubbuck was incompetent;
(III)     the guilty plea was unknowing and/or involuntary because the court failed to investigate a "viable self-defense theory" articulated by Petitioner;
(IV)     the guilty plea was invalid because the indictment was defective, the principles of Apprendi[4] were violated and the court was deprived of jurisdiction;
(V)     the guilty plea is invalid due to ineffective assistance of counsel, for the following reasons:
    (1) counsel filed minimal pre-trial motions and did little pre-trial investigation;
    (2) counsel operated under a conflict of interest in that Mr. Mitchell's "main interest was to learn the location of the [buried] safes from [Mr. Chubbuck]";
    (3) counsel ignored defendant's mental problems and did not request a competency evaluation;
    (4) counsel failed to investigate a viable self-defense theory;
    (5) counsel failed to advise and represent Petitioner at plea negotiations and at sentencing by failing to object to certain P.S.I. Guideline applications [PSR];
    (6) counsel allowed Petitioner to plead to a jurisdictionally defective indictment, failed to advise Petitioner of correct interpretation of statutes under which he was charged and failed to advise Petitioner of growing body of law foretelling Apprendi;

*Challenging a guilty plea*

    7. The general rule is that collateral attacks concerning guilty pleas are prohibited. Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also United States v. Frady, 456 U.S. 152, 165-66 (1982) (noting that in order to obtain collateral relief, Petitioner must clear a significantly higher

---

[3] Mr. Chubbuck's Petition lists seven grounds for relief. However, I find that the majority of Mr. Chubbuck's allegations are disorganized, redundant and difficult to parse. Thus, I have liberally construed Mr. Chubbuck's allegations as stating the five grounds set forth in the Proposed Findings and Recommended Disposition ("PFD").

[4] Apprendi v. New Jersey, 530 U.S. 466 (2000).

hurdle than would exist on direct appeal). Once a defendant has pleaded guilty, the only non-jurisdictional avenue for challenging his conviction is to claim that his plea was not knowing and voluntary. Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995) (citing Mabry v. Johnson, 467 U.S. 504, 508-09 (1984)) (other citations omitted). Thus, the relevant inquiry in a challenge to a guilty plea proceeding is limited to whether the underlying plea was both counseled and voluntary. Tollett, 411 U.S. at 263-64; Osborn v. Shillinger, 997 F.2d 1324, 1327 (10th Cir. 1993).

*Procedural Default*

8. The Government argues that Mr. Chubbuck's claims are barred because he failed to raise them on direct appeal before bringing this petition. Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal. United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993). Here, Petitioner has not challenged his guilty plea on direct appeal, and the circumstances under which a guilty plea may be attacked on collateral review are strictly limited. See Bousley v. United States, 523 U.S. 614, 621 (1998) (noting that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review").

9. However, there are certain exceptions to this general rule of procedural bar. For example, the procedural bar rule of Frady does not apply to claims of ineffective assistance of counsel. United States v. Galloway, 56 F.2d 1239, 1241 (10th Cir. 1995); accord, United States v. Riddick, 104 F.3d 1239, 1240 (10th Cir. 1997), overruled on other grds. by United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997). In addition, Mr. Chubbuck's § 2255 motion is not procedurally barred if he can show cause and prejudice, or a fundamental miscarriage of justice. United States v. Allen, 16 F.3d 377 (10th Cir. 1994); accord Frady, 456

U.S. at 168; Cook, 997 F.2d at 1320.

10.  In this instance, I do not find that Petitioner justifies challenging his plea in a habeas by demonstrating either "cause" and "actual "prejudice," or that he is "actually innocent."[5]  Thus, I find that Mr. Chubbuck's claims, with the exception of those claims alleging ineffective assistance of counsel, are procedurally defaulted.

*Waiver of § 2255 challenge*

11.  The Government also argues that Petitioner's claims are barred because he waived his right to challenge his sentence in a collateral attack.  "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001).

12.  Although generally enforceable, "[plea] agreements waiving the right to appeal are subject to certain exceptions, including where the agreement was involuntary or unknowing, . . . . [or where] the agreement was entered into with ineffective assistance of counsel." Cockerham, 237 F.3d at 1182.[6]  However, some claims of ineffective assistance of counsel can be waived.  For instance, while "a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver" is not waived,  " ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." Id. at 1187 (emphasis added).

13.  In the Plea Agreement, Mr. Chubbuck expressly "waives his right to challenge his

---

[5] Although Petitioner claims that "cause" and "prejudice" and "actual innocence," are defenses to procedural default, his assertions consist of no more than conclusory allegations.

[6] In the same way, the right to bring a collateral attack under § 2255 is waivable, "unless it falls within these same exceptions."  Cockerham, 237 F.3d at 1182.

5

sentence or the manner in which it was determined in any collateral attack, including . . . a motion brought under 28 U.S.C. § 2255. Plea Agreement ¶15. Thus, I find that the waiver of Mr. Chubbuck's right to bring a challenge under § 2255 is expressly stated in the plea agreement.

14. In addition, Judge Puglisi reviewed the plea agreement with Mr. Chubbuck and explained that "by signing th[e] agreement" Mr. Chubbuck was giving up his right to attack his sentence via a § 2255 motion. Tr. at 21:4-10. Mr. Chubbuck responded: "Yes, I understand that." Id. In light of these statements, and for reasons more fully set forth below, I find that Mr. Chubbuck entered into the plea agreement and waiver knowingly and voluntarily. Thus, the express waiver of Petitioner's right to bring a collateral attack applies to the claims raised in this petition.

*Remaining claims*

15. After applying the double bars of procedural default and Petitioner's explicit waiver of his right to raise a collateral challenge, the only claims remaining for consideration on the merits are jurisdictional challenges[7] and those claims of ineffective assistance of counsel that impact on the validity of the plea or the waiver. Liberally construing Petitioner's allegations, I find that only grounds V(2-4, 6) even arguably allege that counsel's ineffective assistance affected the validity of Petitioner's guilty plea.

16. In any event, even assuming that none of Petitioner's claims are barred by either procedural default or explicit waiver, they also fail on their merits. I will address each of Petitioner's grounds, beginning with grounds IV and V(6) which purport to raise a jurisdictional

---

[7] In ground IV, Petitioner alleges that his guilty plea is invalid because the Court lacks jurisdiction.

6

challenge.

*Grounds IV and V(6)*

17. In these grounds, Petitioner appears to argue that his indictment(s), and thus, his guilty plea, is invalid due to "jurisdictional defects."  These alleged defects involve the absence and/or misinterpretation of certain essential elements of his offenses in violation of the principles set forth in Apprendi.[8]  It is not clear on what basis Petitioner raises these allegations, or how they apply to his guilty plea.  In any event, Petitioner's claim on this ground fails for several reasons.

18. First, Petitioner does not identify, nor is it apparent from reviewing the indictments, which essential elements are allegedly missing or were misinterpreted.  Thus, Petitioner's allegations are vague, conclusory and insufficient to state a claim for relief on this basis.

19. Further, even if Petitioner could identify a specific defect, the failure of an indictment to allege an essential element of a crime does not deprive a district court of subject matter jurisdiction.  United States. v. Prentiss, 256 F.3d 971, 981 (10th Cir. 2001).  Thus, these grounds do not allege a jurisdictional defect.  And when Petitioner voluntarily entered a guilty plea to the indictment, he waived all non-jurisdictional defenses, including his defective indictment claim. United States v. Browning, 61 F.3d 752, 753 (10th Cir.1995); see also United States v. Broce, 488 U.S. 563, 568 (1989) (finding that petitioner is precluded from challenging the factual basis of a guilty plea); Tollett, 411 U.S. at 267 ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to

---

[8] Petitioner alleges that the "indictment contains serious errors and defects, . . . where certain essential elements were not contained."  Mot. at attached page 2.

the entry of the guilty plea.").

20. Finally, <u>Apprendi</u> is not applicable to the claims raised by Petitioner because the offenses to which he pleaded authorized a minimum sentence of 65 years to a maximum sentence of life imprisonment. Because Petitioner's bargained-for sentence of 40 years did not exceed that statutory maximum, it does not offend the rule announced in <u>Apprendi</u>. <u>Apprendi</u>, 530 U.S. at 490. Thus, relief based on grounds IV and V(6) should be denied.

*Grounds I and II*

21. In these two grounds, Petitioner apparently alleges that his guilty plea was not made knowingly and/or voluntarily due to coercion and mental incompetence. Mr. Chubbuck alleges that during his confinement, he was subjected to verbal and physical abuse, including threats on his life. Mr. Chubbuck also contends that the PSR "confirms th[at] [he] . . . complained and counsel was well aware of said complaints."[9] Mot. at attached page 1. Mr. Chubbuck also alleges that he was suffering from severe mental problems, that he attempted suicide and was taking psychotropic medications. Mr. Chubbuck asserts that his mental problems are also reflected in the PSR. In addition to being procedurally defaulted, I find that these grounds lack merit.

22. On October 17, 2000, Mr. Chubbuck signed a written plea agreement indicating that he understood the charges against him and the consequences of pleading guilty.[10] At his plea

---

[9] Indeed, Petitioner alleges that counsel "used the abusive setting to influence the defendant to plea[d] guilty." Mot. at attached page 1.

[10] Mr. Chubbuck agreed "that this guilty plea is not the result of force, threats, assurances or promises other than the promises contained in th[e] [plea] agreement." Plea Agreement at 8 ¶25.

8

hearing, Judge Puglisi engaged in considerable discussion with Mr. Chubbuck and his counsel concerning the plea and the charges against Mr. Chubbuck and found that the plea of guilty was knowing and voluntary. During the hearing, the following exchange took place:

> COURT:    Okay. Has anyone tried to force you to plead guilty this afternoon?
> WITNESS: No.
> COURT:    Are you pleading guilty of your own free will because you are, in fact, guilty?
> WITNESS: Definitely.
> COURT:    Has anyone made any promise or assurance to you of any kind that is not set forth in the plea agreement?
> WITNESS: No.

Tr. at 11:1-10.

23. The Court also explored Mr. Chubbuck's ability to understand the nature and consequences of his plea. Judge Puglisi inquired into whether Mr. Chubbuck suffered from any mental illness. Tr. at 3:25, 4:1-4 (indicating that he was "seeing a psychologist . . . for some depression issues"). The Court investigated the effect of the medications Flexeril and Depakote on Mr. Chubbuck's ability to comprehend the proceedings, and asked if Mr. Chubbuck had consumed any other medications or alcohol. Tr. at 4:5-16 (stating that Flexeril is "mild, it's like nothing" and describing Depakote as "a mood stabilizer"), 5:16-25, 6:1-10. Following a lengthy colloquy, during which the Court interacted frequently with Mr. Chubbuck and had ample opportunity to observe his demeanor, Judge Puglisi found that Mr. Chubbuck was "fully competent and capable of entering an informed plea" and that his plea was "knowing and voluntary." Tr. at 59:16-22.

24. A defendant's statements at a plea hearing should be regarded as conclusive as to truth and accuracy in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements. See United States v. Estrada, 849 F.2d 1304, 1306 (10th Cir.

9

1988).  Moreover, a defendant's statements on the record "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977) (quoted in Romero, 45 F.3d at 1033); see also Estrada, 849 F.2d at 1306; Worthen v. Meachum, 842 F.2d 1179, 1183-84 (10th Cir. 1988) (citations omitted), overruled on other grounds, Coleman v. Thompson, 501 U.S. 722 (1991) (finding that where a defendant "states on the record that he has not been coerced, threatened or promised anything for pleading guilty, those statements form a formidable barrier in collateral proceedings such as this one").

25.  Mr. Chubbuck offers no satisfactory explanation for his failure to raise his allegations of coercion or severe mental problems at his plea hearing.[11]  And contrary to Mr. Chubbuck's assertion, nothing in the PSR confirms that Mr. Chubbuck complained to his counsel or anyone else about an abusive or coercive confinement; nor does the PSR indicate that Mr. Chubbuck suffers from severe mental problems or incompetence.[12]  In light of Petitioner's statements at his plea hearing and the findings of both Judge Puglisi and Judge Black,[13] I find that Petitioner's bare allegations in grounds I and II simply do not present believable, valid reasons to justify collateral relief.  Thus, relief on grounds I and II should be denied.

*Ground III*

---

[11]  Nor is there evidence that Mr. Chubbuck was too confused or intimidated by the legal trappings of the proceeding to speak up.

[12]  The PSR indicates that "Mr. Chubbuck declined to be interviewed for the presentence report."  PSR at 5 ¶36.

[13]  Judge Black found that Mr. Chubbuck "had the assistance of two able counsel" and voluntarily entered his guilty plea "with a full understanding of the maximum penalties and the terms of the plea agreement."  Chubbuck, Cr. No. 99-1027 BB, M.O.O. at 3-4.

26. In ground III, Petitioner apparently argues that his plea is invalid because the Court failed to investigate a "viable self-defense theory" on his behalf. In addition to being procedurally defaulted and waived, this claim also fails on the merits.

27. First, Mr. Chubbuck's claim is vague and conclusory. He does not describe his self-defense theory, or indicate what charges it would apply to or why.[14] Nor does Mr. Chubbuck sufficiently allege or demonstrate a link between a failure to investigate any particular defense with the alleged involuntary nature of his plea.[15]

28. Second, Mr. Chubbuck was represented by counsel during his plea hearing. While the court may have a duty to determine that an independent, adequate factual basis exists for a plea, it is not an advocate for the defendant. Here, the Court satisfied itself that a factual basis existed for the charges set forth in the plea agreement and found that Mr. Chubbuck knowingly and voluntarily pleaded guilty to those charges. Thus, to the extent that Petitioner attempts to assert that his plea lacks a sufficient factual basis, the record of his plea hearing and the PSR prove the contrary. See PSR at ¶¶11-33, 38; see generally Tr. Accordingly, relief based on ground III should be denied.

*Ground V - Ineffective Assistance of Counsel*

29. In order for Petitioner to prevail on his claim that he received ineffective assistance of counsel, he must satisfy a two-part test. See Miller v. Champion, 161 F.3d 1249, 1253 (10th Cir.

---

[14] I note that a theory of self-defense would not apply to the fourteen counts of bank robbery or to the charge of felon in possession of a firearm, which, by themselves exposed Mr. Chubbuck to a maximum of almost 300 years of imprisonment. See Plea Agreement at 3; Tr. at 15:12-25, 17:5-10.

[15] Despite Mr. Chubbuck's assertion to the contrary, his plea and plea colloquy fail to reflect the "unwilling nature of the plea." See discussion under grounds I and II, supra.

1998). Petitioner must show both (1) that counsel's performance was deficient and (2) that this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Gillette v. Tansy, 17 F.3d 308, 310 (10th Cir. 1994).

30. To meet the first prong of the Strickland test, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland, 466 U.S. at 688). In order to do so, Petitioner must overcome the strong presumption that his attorney's conduct did not fall within the wide range of competence demanded of attorneys in criminal cases. Gillette, 17 F.3d at 310; see Hill, 474 U.S. at 56. Moreover, the Court is mindful that "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." Stano v. Dugger, 921 F.2d 1125, 1151 (11th Cir. 1991).

31. Second, assuming that Petitioner satisfies the first prong, he must also demonstrate that he was prejudiced as a result of his counsel's deficient performance. To demonstrate prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's errors, "he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; Gonzales v. Tansy, No. 94-2203, 65 F.3d 178, 1995 WL 509954, at **1 (10th Cir. Aug. 29, 1995) (unpublished table decision). A petitioner's mere assertion that he would have opted for trial is not enough to satisfy the prejudice prong.

32. As noted previously, several of the reasons that Petitioner alleges to support his claim of ineffective assistance of counsel are barred as procedurally defaulted and/or explicitly waived.

Moreover, I find that Petitioner's claim fails on its merits because his allegations do not meet either prong of the Strickland test.

*Ground V(1, 4)*

33.  In ground V(1), Petitioner alleges that counsel was ineffective because he filed minimal pre-trial motions and did little pre-trial investigation.  However, this claim is easily dismissed as vague and conclusory.  "Petitioner can make out a claim of ineffective assistance of counsel only by pointing to specific errors made by trial counsel." United States v. Cronic, 466 U.S. 648, 666 (1984) (quoted in Rodriquez v. Zavaras, 42 F.Supp.2d 1059, 1088 (1999)).  Petitioner does not identify a specific motion that should have been filed or describe an investigation that should have been pursued.  Thus, Petitioner fails to allege that counsel's conduct fell below an objective standard of reasonableness.

34.  However, even assuming a deficiency in counsel's conduct, this claim fails because Petitioner does not show prejudice.  Petitioner does not allege or demonstrate how additional motions or investigation would have led counsel to change his recommendation as to Petitioner's plea.  See Hill, 474 U.S. at 370 (explaining that "where the alleged error of counsel is a failure to investigate . . . the determination whether the error 'prejudiced' the defendant . . . will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea").  Nor has Petitioner shown a reasonable probability that, but for his counsel's failure to file additional motions and conduct more investigation, he would have gone to trial instead of entering a plea of guilty.  Accordingly, relief based on this ground should be denied.

35.  In ground V(4), Petitioner alleges that his counsel was ineffective because he failed to

13

investigate a viable self-defense theory. However, this claim also fails because it is vague and conclusory, as discussed with respect to ground III above.

36. However, even assuming that counsel unreasonably failed to investigate a self-defense theory, Petitioner fails to demonstrate prejudice. As previously noted, self-defense does not apply to the fourteen counts of bank robbery or to the charge of felon in possession of a firearm, which, by themselves exposed Mr. Chubbuck to a potential maximum of almost 300 years of imprisonment. Thus, Petitioner presents no persuasive reason to believe that counsel would have recommended rejecting a guilty plea resulting in a sentence of 40 years. Accordingly, relief on this ground should be denied.

*Ground V(2)*

37. In ground V(2), Petitioner alleges that his attorney, Gary Mitchell, operated under a conflict of interest in that Mr. Mitchell was more concerned with finding "buried safes" than in representing the interests of Petitioner. Petitioner claims that Mr. Mitchell repeatedly urged Petitioner to reveal the location of the safes, promising to set up trust funds for Petitioner's family. Petitioner further argues that this "cross interest" of counsel was better served by maintaining Petitioner's abusive and coercive confinement and not requesting a competency hearing. Not only do I find these allegations bizarre, they also fail to state a claim of ineffective assistance of counsel.

38. First, even assuming that counsel's "main interest" was locating buried safes, Petitioner fails to demonstrate that counsel's interest affected the validity of Petitioner's guilty plea. As previously discussed, I do not find that Petitioner's current allegations of incompetence and coercion overcome the formidable barrier presented by his statements to the contrary and the

14

Court's findings made during his plea hearing. Consequently, this ground also fails because the premise on which it rests (that Petitioner was incompetent and subjected to coercion) has been rejected.

39. Finally, Petitioner did not raise any of these complaints concerning counsel at his plea hearing. At the hearing, Judge Puglisi directly asked Petitioner: "Are you fully satisfied with your counsel's representation and advice given to you in this case by Mr. Mitchell?" Petitioner responded: "Oh, definitely." Tr. at 6:19-22. Petitioner does not offer a reasonable explanation why he failed to voice his dissatisfaction with counsel at that time. Accordingly, relief on this ground should be denied.

*Ground V(3)*

40. Petitioner also alleges that counsel was ineffective because he ignored Petitioner's mental problems and did not request a competency evaluation. Petitioner's allegations under this ground are vague and fail to establish that counsel was aware of any conduct that would have caused a reasonable attorney to question his competence. Furthermore, as previously discussed, I do not find that Petitioner's allegations of incompetence overcome his statements and court findings to the contrary made at the plea hearing. Thus, this claim fails because its premise, that Petitioner was incompetent, has been rejected. Accordingly, relief on this ground should be denied.

*Ground V(5)*

41. In this ground, Petitioner apparently alleges that counsel was ineffective because he failed to object to certain portions of the "P.S.I. Guideline applications" [PSR] during plea

15

negotiations[16] and at sentencing.  This claim fails for several reasons.

    42.  First, the claim is vague and conclusory.  Petitioner fails to point out the "guidelines" that he found objectionable.  Thus, Petitioner has not established any error in the PSR to which his attorney should have objected.  Moreover, Petitioner does not contend that he told his counsel about any alleged error.  Cf. United States v. King, 936 F.2d 477, 480 (10th Cir.1991) ("An attorney's failure to investigate cannot be charged as a claim of 'ineffective assistance of counsel' when the essential and foundational information required to trigger such an investigation is withheld from the defendant's attorney by the defendant himself.") (quotation omitted).  Accordingly, he cannot fault his counsel for failing to challenge the report.

    43.  Nor is it clear how Petitioner could allege that his counsel's failure to object to the PSR prejudiced his case.  Petitioner's plea agreement called for a sentence of 40 years, which is the sentence that Petitioner received.  Thus, even assuming that counsel's conduct was deficient, Mr. Chubbuck can hardly argue that counsel's conduct prompted him to take a deal that was less advantageous to him.  See Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000) (noting that in a plea situation, one factor that a court considers in an ineffectiveness claim is whether defendant received the sentence bargained for).

## Conclusion

In sum, I find that most of Petitioner's claims are barred by procedural default and/or explicit waiver.  Petitioner was represented by counsel in this case.  Moreover, the record shows that Judge Puglisi conducted a thorough inquiry at the plea hearing, during which Mr. Chubbuck

---

[16] Petitioner's allegation that counsel failed to object to the PSR during plea negotiations is moot, in that the PSR was not completed until sometime after the plea hearing on October 17, 2000.

affirmed that he understood the charges against him, the maximum penalties, the rights he was waiving, and the factual basis for his plea. I find nothing in Petitioner's allegations that raises a serious doubt that Mr. Chubbuck's plea was other than knowing and voluntary. Finally, because it is possible to resolve the issues raised by Petitioner on the pleadings, and the record establishes conclusively that Petitioner is not entitled to relief, I find that an evidentiary hearing is not necessary.

## Recommendation

I recommend that Mr. Chubbuck's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Doc. 1]** be DENIED and that this cause be DISMISSED WITH PREJUDICE in its entirety.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

                                                UNITED STATES MAGISTRATE JUDGE